USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIN DOSHAWN BOOKER,

                         Plaintiff,

-against-

THOMAS GRIFFIN, *Superintendent of Green Haven Facility;* E. DEMO, *DOCCS Investigator;* Paul Chappius, Jr., *Superintendent Elmira Facility;* G. KELLER, *Captain at Elmira;* M. KIRKPATRICK, *Superintendent of Clinton;* John Doe #1, *Confidential Informant;* JOHN DOES #2–3., *Correction Officers at Green Haven;* SGT. ISAACS, LT. SCRANTON; CORRECTION OFFICER SEARS; KAREN BELLAMY, *Central Office Committee Director;* DONAL VENNETTOZZI, *Director of SHU,*

                         Defendants.

No. 16-CV-00072 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Amin Doshawn Booker commenced this *pro se* action pursuant 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights in connection with his incarceration at Green Haven and Elmira Correctional Facilities. (*See* Second Am. Compl. ("Compl."), ECF No. 104.) Specifically, Plaintiff raises various challenges to his placement in administrative segregation, the suspension of his visitation privileges, and the denial of appropriate medical care during certain period of his incarceration.

    On October 29, 2018, Plaintiff filed a motion seeking a preliminary injunction. (ECF No. 107.)[1] The Court, having considered Plaintiff's submissions, Defendants' opposition papers, and Plaintiff's reply, denied Plaintiff's motion in its order issued on December 21, 2018. ("December Order," ECF No. 126.)

---

[1] Defendants filed a motion to dismiss which is still under consideration by the Court on December 20, 2018. (ECF No. 119.)

Presently before this Court is Plaintiff's motion for relief from the December Order pursuant to Federal Rules of Civil Procedure Rule 60(b) on January 31, 2019. (ECF No. 128.)

For the reasons that follow, Plaintiff's request for relief under Rule 60(b) is DENIED.

**LEGAL STANDARDS**

Rule 60(b) provides that "[o]n motion and just terms," the court may relieve a party from a final judgment, order or proceeding based on five enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, Rule 60(b) applies only to "final" judgments. *Id.*; *In re Shengdatech, Inc. Sec. Litig.*, No. 11-CV-1918 (LGS), 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015). An order is final when it is appealable. *In re Shengdatech*, 2015 WL 3422096, at *3 (collecting cases). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). A denial of a motion for preliminary injunction is not a final judgment. *See Wiesner v. 321 West 16th Street Associates*, 00-CV-1423(RWS), 2000 WL 1585680, at *1 (S.D.N.Y. Oct. 25, 2000).

*Pro se* submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.' " *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). Courts utilize this policy for *pro se* submissions based on "the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475 (internal citations and quotations omitted).

## DISCUSSION

The Court cannot grant Plaintiff relief from the December Order under Rule 60(b) because the December Order is not a final judgment. *See Wiesner*, 2000 WL 1585680, at *1. However, because the Court construes Plaintiff's motion for relief under Rule 60(b) as a motion for reconsideration, it will consider his motion under Local Civil Rule 6.3.[2]

As a threshold matter, Local Civil Rule 6.3 provides that a notice of motion for reconsideration "shall be served within fourteen (14) days after entry of the Court's determination of the original motion." Here, Plaintiff's motion was served well past the appropriate period for seeking reconsideration. The Court entered its opinion on December 21, 2018, and Plaintiff did not file his motion for reconsideration until January 31, 2019. However, in light of Plaintiff's *pro se* status, the Court will examine the merits of his motion.

"The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Co., LLP*, No. 12-CV-6909(SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mahadeo v. N.Y. City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013) (internal quotation marks omitted) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ). Additionally, a Rule 6.3 motion "cannot assert new arguments or claims which were not before the court in the original motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (internal quotation marks omitted).

---

[2] "Motions for reconsideration are typically governed by Local Civil Rule 6.3 and the Federal Rule of Civil Procedure 60(b)." *Smith v. Underwood*, No. 13-CV-8423(NSR), 2018 WL 3632522, at *2 (S.D.N.Y. July 30, 2018).

Plaintiff is unable to point to any controlling decision or overlooked information which might reasonably be expected to alter the Court's December Order. First, Plaintiff alleges that his reply declaration, memorandum and supporting exhibits were not filed and that the Court was unable to consider them as part of its December Order. However, the Court did receive Plaintiff's reply papers and considered them in drafting the December Order.[3] Moreover, upon another review, there was nothing in Plaintiff's reply papers or supporting documents that would have changed the December Order.

Second, Plaintiff alleges that the Court misstates his requests for relief, in that he requested release from punitive confinement in SHU and relief from the deprivation of his approved status for F.R.P. participation and general rights and privileges. The Court disagrees. The Court determined Plaintiff's requests for relief from his Memorandum of Law in Support of the Motion for Preliminary Injunction and found that Plaintiff requested (1) discontinuance of his confinement in SHU; (2) transfer to "a New York hub correctional facility"; (3) reinstatement of his approval status for the Family Reunion Program; and (4) discontinuance of retaliation against Plaintiff and any inmate who testified or provided affidavits on Plaintiff's behalf. *Booker v. Griffin*, No. 16-CV-0072(NSR), 2018 WL 6715559, at *1 (S.D.N.Y. Dec. 21, 2018). These are essentially identical to Plaintiff's statement of his requests. To the extent that the Court did not consider his request for restoration of general rights and privileges, that would not have changed the Court's denial of his motion.

Third, Plaintiff notes that the Court did not "give a finding of facts that was reached." However, the Court cited to its statement of facts in its previous opinion and noted that familiarity with the facts was presumed. *Id.* This is not an abnormal practice. *See, e.g.*,

---

[3] The Court also sent said papers to Defendants' counsel.

*Hargroves v. City of New York*, No. 03-CV-1668(RRM)(VMS), 03-CV-3869(RRM)(VMS), 03-CV-5323(RRM)(VMS), 03-CV-4646(RRM)(VMS), 2014 WL 1271024, at *1 (E.D.N.Y. Mar. 26, 2014); *S.M. v. Taconic Hills Cent. Sch. Dist.*, No. 11-CV-1085(LEK)(RFT), 2013 WL 2487171, at *1 (N.D.N.Y. June 10, 2013); *Mitchell v. N.Y. State Dep't of Corr. Serv.*, No. 06-CV-6278(CJS), 2011 WL 6148598, at *1 (W.D.N.Y. Oct. 19, 2011). Regardless, had the Court included a recitation of the facts, the motion for preliminary injunction would still have been denied.

The remainder of Plaintiff's allegations concern the merits of his due process and retaliation claims. Plaintiff argues that the Court overlooked certain facts and claims which the Court expressly addressed in the December Order.[4] Additionally, Plaintiff claims that the Court "overlooks controlling appellate court decisions" but fails to provide any clues about those alleged decisions. While it is true, as Plaintiff points out, that this Court denied Defendants' motion to dismiss his due process claims, the standards for a motion to dismiss and a motion for preliminary judgment are distinct. Plaintiff's due process claims survived the motion to dismiss stage because he stated a plausible claim for relief solely based on the face of his complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is a much more lenient standard than that for a motion for preliminary judgment, which requires the plaintiff to show that he will suffer irreparable harm absent injunctive relief and either is likely to succeed on the merits or is the favored party in a balance of hardships analysis.

---

[4] Plaintiff contends that the Court overlooked his claim that he was subjected to a disciplinary confinement without sufficient evidence and based on previously dismissed and expunged misbehavior charges. In fact, the Court addressed both of these facts. *Booker v. Griffin*, No. 16-CV-0072(NSR), 2018 WL 6715559, at *3 & n.3 – 4 (S.D.N.Y. Dec. 21, 2018). The Court also found that there was evidence that Plaintiff's confinement to SHU had been subjected to multiple reviews. *Id.* at *3.

5

Even if Plaintiff's motion for reconsideration had been timely, which it was not, he failed to meet the strict standards set by Local Rule 6.3.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 128 and to mail a copy of this Opinion to *pro se* Plaintiff and file proof of service on the docket.

Dated: February 11, 2019  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge