USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMIN DOSHAWN BOOKER,

                              Plaintiff,

-against-

THOMAS GRIFFIN, *Superintendent of Green Haven Facility;* E. DEMO, *DOCCS Investigator;* PAUL CHAPPIUS, JR., *Superintendent Elmira Facility;* G. KELLER, *Captain at Elmira;* M. KIRKPATRICK, *Superintendent of Clinton;* John Doe #1, *Confidential Informant;* JOHN DOES #2–3., *Correction Officers at Green Haven;* SGT. ISAACS, LT. SCRANTON; CORRECTION OFFICER SEARS; KAREN BELLAMY, *Central Office Committee Director;* DONAL VENNETTOZZI, *Director of SHU,*
                              Defendants.

No. 16-CV-00072 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Amin Doshawn Booker commenced this *pro se* action pursuant 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights in connection with his incarceration and placement in administrative segregation at Green Haven and Elmira Correctional Facilities. (*See* Second Am. Compl. ("SAC"), ECF No. 104.)

    On December 20, 2018, Defendants filed a partial motion to dismiss Plaintiff's SAC. (ECF No. 119.) The Court, having considered Defendants' and Plaintiff's submissions, (ECF Nos. 120 – 24), granted the motion on June 7, 2019. ("June Opinion," ECF No. 137.)

    Presently before this Court are Plaintiff's motion for reconsideration[1] and for a certificate of interlocutory appeal. (ECF No. 139 & 146.)

---

[1] On July 22, 2019, one day before Defendants' opposition to Plaintiff's motion for reconsideration was due, the Court received a "supplemental pleading" from Plaintiff, seeking to add review "pursuant to Rule 60(b)." As Plaintiff did not raise any law or facts in his supplemental pleading to show that he is entitled to relief under Federal Rules of Civil Procedure Rule 60(b), the Court interprets this as an additional motion for reconsideration.

For the reasons that follow, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part and his motion for a certificate of interlocutory appeal is DENIED.

Familiarity with the factual background and the June Opinion is presumed.

**LEGAL STANDARDS**

I.   **Motion for reconsideration**

Motions for reconsideration are governed by Local Civil Rule 6.3, and the standard for granting a motion for reconsideration "is strict." *McCloud v. Perez*, No. 17-CV-1827(AJN)(KNF), 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). Generally, reconsideration will only be granted if the moving party can point to matters which "might reasonably be expected to alter the conclusion reached by the court, *Mahadeo v. N.Y. City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013), including "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y. City Dep't of Soc. Serv.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759, 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for

repeating old arguments previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

Further, the decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *see Miss Jones LLC v. Stiles*, No. 17-CV-1450(NSR), 2019 WL 3034906, at *1 (S.D.N.Y. July 10, 2019).

**II.     Motion for interlocutory appeal**

A Court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may materially advance the ultimate termination of the litigation.[2] 28 U.S.C. § 1292(b). The moving party has the burden of establishing all three substantive criteria. *See Casey v. Long Island R.R.,* 406 F.3d 142, 146 (2d Cir. 2005); *see also German v. Fed. Home Loan Mortg. Corp.,* 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied."). Even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the court's authority to deny certification, even in situations where the three statutory elements are met, is "independent" and "unreviewable") (internal citation omitted)).

Moreover, interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Litigants cannot invoke the appellate process

---

[2] Even if the Court certifies, an order is still not appealable as of right. The appellate court must also grant leave to appeal. 28 U.S.C. § 1292(b).

3

"as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine*, No. 94-CV-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted). For these reasons, § 1292(b) certification should be "rare," and reserved for "exceptional circumstances." *Koehler v. Bank of Bermuda Ltd,* 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac,* 693 F. Supp. 2d at 282; *see also Lidle v. Cirrus Design Corp.*, No. 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law . . . . Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

### I. Timeliness of motion for reconsideration

Local Civil Rule 6.3 requires parties seeking reconsideration of a court order determining a motion to serve their notice of motion within fourteen days after the entry of the court's determination of the original motion. *See In re Platinum-Beechwood Litig.*, 377 F. Supp. 3d 414, 419 (S.D.N.Y. 2019). Plaintiff did not file his motion until July 1, 2019 more than fourteen days after the Court's June 7, 2019 Opinion. (ECF No. 138.) Even if the Court were to consider Plaintiff's motion to be served on June 23, 2019, the date listed in the notice of motion, that date is still more than fourteen days after the entry of the Court's June Opinion.

However, providing extremely liberal treatment to the *pro se* Plaintiff, the Court will consider the merits of his motion for reconsideration.

### II. Merits of motion for reconsideration

Plaintiff fails to show that there are grounds to reconsider any portion of its June Opinion, except for the dismissal of the official capacity claims against Defendants Chappius and Keller.

4

In his motion for reconsideration of the Court's June Opinion, Plaintiff repeatedly, sometimes with specific references and sometimes through repetitive, conclusory statements, accuses the Court of failing to take judicial notice or to consider facts and attachments. Specifically, according to Plaintiff, the Court overlooked facts in the SAC, arguments and facts raised in his opposition to Defendants' partial motion to dismiss, attachments to Defendants' partial motion to dismiss and to Plaintiff's opposition, facts and documents raised in filings for previously decided motions, and facts of which the Court should have taken judicial notice.

The Court will first clarify the motion to dismiss standard, as much of Plaintiff's motion for reconsideration centers on a misunderstanding of the standards that apply to a motion to dismiss and to *pro se* litigants. Next, the Court will address Plaintiff's specific arguments.

**A. Requirements for a motion to dismiss**

At the motion to dismiss stage, a court must determine whether, based on the face of the complaint, the plaintiff alleges sufficient facts to state a plausible claim that the defendant has violated the law and the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court must construe the complaint and other submissions liberally for *pro se* plaintiffs, accept "all factual allegations in the complaint" as true, and draw all "reasonable inferences" in favor of the plaintiff. *Concord Assoc., L.P. v. Entm't Prop. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, plaintiffs, including those proceeding *pro se*, must provide factual allegations which raise their right to relief above a speculative level. *Martinez v. Ravikumar*, 536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) ("[E]ven pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' "(quoting *Twombly,* 550 U.S. at 555)). Courts cannot create arguments for *pro se*

5

litigants. *United States v. Bethea*, 388 F. App'x 20, 21 (2d Cir. 2010). Additionally, just like other litigants, *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure, including Rule 12(b)(6). *See Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995), *Johnson v. Tudisco*, No. 17-CV-8621(NSR), 2018 WL 6528490, at *3 (S.D.N.Y. Dec. 12, 2018).

While, in addition to the facts in the complaint, a court "may . . . 'consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit,' " the Court is not required to do so. *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013) (quoting *ATSI Commc'n, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). The Court may also take judicial notice of facts not subject to reasonable dispute on its own, and it must take judicial notice of those facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b). However, when deciding a motion, courts may not consider new facts, arguments, or theories raised in opposition memoranda or submissions. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013).

## B. Equal Protection Claims

Plaintiff's motion for reconsideration introduces no overlooked facts, controlling law, or other grounds to cause the Court to reconsider its determination that he failed to allege a sufficiently similarly situated comparator. As Plaintiff did not allege membership in a protected class,[3] his was a class-of-one equal protection claim, which requires plaintiffs to identify comparators with an "extremely high" degree of similarity to themselves. *Ruston v. Town Bd.*

---

[3] The fact that Plaintiff filed grievances did not make him a member of a protected class for the purposes of an equal protection analysis. *See Randolph v. DOCCS*, No. 17-CV-0700(NSR), 2018 WL 4374006, at *5 (S.D.N.Y. Sept. 13, 2018) (noting that inmates are not a protected class); *Petrario v. Cutler*, 187 F. Supp. 2d 26, 35 (D. Conn. 2002) (holding that five union members who filed a labor grievance were not a protected class).

6

*for Town of Skaneateles*, 610 F. 3d 55, 59 (2d Cir. 2010). In fact, the comparators must be "*prima face* identical" to the plaintiff. *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018); *Prestopnik v. Whelan*, 249 F. App'x 210, 213 (2d Cir. 2007).

According to Plaintiff, the Court overlooked similarly situated comparators, but Plaintiff's claims against these alleged comparators are too conclusory to support an equal protection claim, particularly for class-of-one claims.

Plaintiff did not allege in more than a broad way that the ILC members were similarly situated beyond that both Plaintiff and the ILC members belonged to that organization. The same is true for Plaintiff's claims about Santana, which the Court already held to be conclusory. *Booker v. Griffin*, No. 16-CV-0072(NSR), docket 137, at 26 (S.D.N.Y. June 7, 2019); *see RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) ("[A motion for reconsideration is not] an occasion for repeating old arguments previously rejected . . . ."). The motion for reconsideration contains no overlooked facts or law to alter that determination.[4]

Plaintiff also alleged that he was treated differently than other inmates in both administrative and disciplinary separate confinement as well as other inmates who were transferred but, as the Court discussed in its June Opinion, those allegations were conclusory. *Booker*, No. 16-CV-0072(NSR), docket 137, at 26. In *Green v. McLaughlin*, a *pro se* plaintiff

---

[4] Plaintiff complains that the Court subjected him to heightened pleading requirements in violation of *Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205 (2d Cir. 2004). In *Freedom Holdings*, the Second Circuit affirmed the district court's decision to dismiss a complaint challenging New York legislation because it did not "contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it." *Id.* at 234. It is unclear how this case supports Plaintiff's argument that he is being held to a heightened pleading requirement. Plaintiff is reminded that at the motion of dismiss stage, the court must determine whether a complaint contains enough facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly,* 550U.S. 544, 555, (2007). Conclusory statements cannot support a plausible claim. *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009). Plaintiff misrepresents the Court's June Opinion when he states that the Court found that "he needed to provide the names of persons to these groups." Rather, Plaintiff needed to state sufficient facts to plausibly show that there were comparators "*prima facie* identical" to Plaintiff, and Plaintiff failed to do so.

asserting a class-of-one claim compared himself to "other inmates at [the correctional facility] with medical holds" and "other inmates with acute medical problems." 480 F. App'x 44, 47 (2d Cir. 2012). The Second Circuit held that "[n]either of these broad categories is sufficient to demonstrate the level of specificity required by class-of-one claims as they do not permit an inference that the members of these classes are 'so similar [to Green] that no rational person could see them as different.' " *Id.* at 47 – 48 (quoting *Ruston*, 610 F. 3d at 60); *see also Ruston*, 610 F. 3d at 59 – 60 (holding that the plaintiffs failed to state a class-of-one claim because the comparator properties were single structures and the plaintiffs' property was a multi-structure development). Likewise, the descriptions "inmates [ ] confined in Elmira alternative housing unit, Auburn SHU, Green Haven SHU, and all other facilities" and "over 50,000 inmates incarcerated in [Defendants'] custody based on criminal convictions and sentence and commitment orders" (SAC ¶¶ 96 & 98) do not permit the inference that the members of those groups are sufficiently similar to Plaintiff.[5]

**C. Due Process**

Again, Plaintiff fails to point to any overlooked facts or controlling law to cause the Court to reconsider its June Opinion dismissing Plaintiff's due process claims against Defendants Venetozzi,[6] Bellamy, and Kirkpatrick.

None of the paragraphs Plaintiff cites to from the SAC or the DOCCS policies, which were previously considered if not cited to by the Court, change the Court's determination that the SAC failed to plausibly allege that Defendant Venettozzi was personally involved in the constitutional violations alleged in the SAC. The allegation that Defendant Venettozzi "confined

---

[5] The only controlling precedent Plaintiff cited to on this point was *Hewitt v. Helms*, 459 U.S. 460 (1983) and *Taylor v. Rodriguez*, 238 F.3d 188 (2d Cir. 2001). However, neither of these cases analyzed the sufficiency of such broad groups as comparators in the equal protection clause context or dealt with equal protection claims.
[6] *See Booker v. Griffin*, No. 16-CV-0072(NSR), docket 137, at 5 n.2 (S.D.N.Y. June 7, 2019).

8

and/or condoned" Plaintiff's confinement is conclusory and does not show that he was involved in a constitutional violation against Plaintiff for the reasons discussed in the June Opinion. *Booker v. Griffin*, No. 16-CV-0072(NSR), docket 137, at 15 – 18 (S.D.N.Y. June 7, 2019) Additionally, any allegation that Defendant Venettozzi affirmed the hearing officer's decision does not establish his personal involvement because the Court has previously held that he is protected by qualified immunity. *Booker v. Griffin*, No. 16-CV-0072(NSR), 2018 WL 1614346, at *12 (S.D.N.Y. Mar. 31, 2018) ("Because, "courts in this circuit disagree over whether the failure to remedy a wrong after being informed of a constitutional violation through a report or appeal remains sufficient to establish a supervisor's personal involvement in a constitutional violation," a reasonable official in Defendant Venettozzi's position could have been unaware that denying Plaintiff's appeal would be unlawful." (citing *Richardson v. Williams*, No. 15-CV-4117(VB), 2016 WL 5818608, at *3 (S.D.N.Y. Oct. 5, 2016))).

Likewise, Plaintiff presents no overlooked controlling law or facts to show that Defendants Bellamy or Kirkpatrick were personally involved in due process violations. As the Court stated in its June Opinion, Plaintiff's claims are too conclusory to support Defendant Bellamy's personal involvement. *Booker*, No. 16-CV-0072(NSR), docket 137, at 18. Plaintiff also, again, fails to allege, beyond making conclusions, how Defendant Kirkpatrick deprived Plaintiff of a constitutionally protected right if he was not involved in the hearing which ultimately resulted in Plaintiff's confinement to SHU.[7]

---

[7] Plaintiff's allegations center around Defendant Kirkpatrick's conduct in the unfinished hearing. It was Plaintiff's hearing before Defendant Keller that resulted in the confinement he claims violates his constitutional rights.

### D. Retaliation

The motion for reconsideration contains no overlooked facts or controlling law to cause the Court to reconsider its June Opinion dismissing Plaintiff's retaliation claims against Defendants Keller, Kirkpatrick, Chappius, and Doe. Almost all of the paragraphs Plaintiff cites to from the SAC are, at best, merely conclusory allegations that Defendants had knowledge of the ILC complaint.

Although Plaintiff, for the first time in his motion for reconsideration, alleges that he told Defendant Keller that he was confined in retaliation for his "work [he] did in the ILC," this fact was not raised in the SAC. (Mem. of Law in Supp. of Mot. for Recons. ("Pl.'s Recons. Mot.") p. 11, ECF No. 139.)

Plaintiff also points out that on September 16, 2015, he told Defendant Chappius that that the charges against him were false and in retaliation for his ILC grievances, and that Defendant Chappius responded, "I'm going with Griffin, whatever he wants." (SAC ¶ 72) While this indicates that at some point Defendant Chappius was aware of Plaintiff's ILC grievances, it still fails to show that he was aware of the grievances when he provided the testimony at Plaintiff's hearing, which had concluded on August 21, 2015. (*Id.* ¶ 73); *Dolan v. Connolly,* 794 F.3d 290, 294 (2d Cir. 2015) (noting that to state a retaliation claim, a plaintiff must show that the defendant was aware of a plaintiff's protected activity and took adverse action against the plaintiff); *see Jones v. Rochester City Sch. Dist.*, 676 F. App'x 95, 97 (2d Cir. 2017) (holding that the plaintiff failed to state a retaliation claim because the defendant took an adverse action against the plaintiff *before* it was aware of his protected activity).

### E. Deliberate indifference

Plaintiff does not allege any overlooked facts or controlling law to cause the Court to reconsider its dismissal of Plaintiff's deliberate indifference claims. As the Court previously held, the facts alleged fail to show that Defendants Chappius or Griffin were aware of the alleged seriousness of Plaintiff's back injury, his severe allergies, or his dental problems. The only law Plaintiff cites in his section is *Al-Jundi v. Mancusi*, 926 F.2d 235 (2d Cir. 1991), which Plaintiff cites for the "mandate that the prison officials have the duty to make adequate provisions for inmates in it's [sic] custody to obtain medical assistance normally." Regardless of whether *Al-Jundi* supports this proposition, the duty to provide medical assistance to inmates is not at issue here. Rather, at issue was the subjective, deliberate indifference element of an Eighth Amendment analysis. As the facts in the SAC were insufficient to plausibly show that Defendants acted with deliberate indifference and Plaintiff did not present any controlling law to change this conclusion, the Court will not reconsider its decision on this issue.

### F. *Res judicata*

Plaintiff argues that the Court should reconsider its dismissal of his *res judicata* claim. First, the Court notes, as it did in its June Opinion, that *res judicata* is a legal doctrine rather than a claim. *Booker v. Griffin*, No. 16-CV-0072(NSR), docket 137, at 14 n.9 (S.D.N.Y. June 7, 2019). Second, the Court again determines that *res judicata* does not apply because Plaintiff presents no overlooked facts or law to alter the Court's original conclusion. Plaintiff appears to argue that Defendant Keller's reference his prior criminal convictions and misbehavior reports in his hearing was improper because he was only required to defend against the notice of charges. (Pl.'s Recons. Mot. p 16); *see Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004). Such a claim is a due

11

process claim against Defendant Keller, one which the Court will not consider here because it was not at issue in the motion decided by the June Opinion.

### G. Dismissal of official capacity claims

Plaintiff also seeks reconsideration of the dismissal of his claims against Defendants Chappius, Keller, Bellamy, and Venettozzi in their official capacities under the Eleventh Amendment. For the reasons discussed in this Opinion, the Court need not consider Plaintiff's motion with respect to Defendants Bellamy and Venettozzi, as there are no remaining claims against those Defendants.

The Court determines that reconsideration of its dismissal of Plaintiff's claims against Defendants Chappius and Keller in their official capacities is warranted because dismissal under the Eleventh Amendment is not always appropriate where, as here, a plaintiff requests injunctive relief. Suits against state officials in their official capacities are permissible where there is an allegation of an ongoing violation of the Plaintiff's rights, and the injunction is crafted to remedy that violation without a "partial end run around the Eleventh Amendment's bar on retrospective awards of monetary relief." *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 595 (2d Cir. 1990). Accordingly, considering Plaintiff's requests for injunctive relief, his claims for injunctive relief against Defendants Chappius and Keller in their official capacities should not have been dismissed.

### III. Motion for certification of an interlocutory appeal.

Plaintiff does not meet his burden of showing that he is entitled to certification of questions for an interlocutory appeal. Rather than attempting to show each of the three required elements, Plaintiff merely lists the questions for which he seeks certification. However, in deference to Plaintiff's *pro se* status, the Court, below, analyzes whether these elements are met

12

based on Plaintiff's memorandum in support for his motion for reconsideration and determines that they are not.

The first question is whether the Equal Protection Clause requires plaintiffs to plead names of comparators; it fails to meet any of the elements. As the Court discussed above, the Court never held, and still does not hold, that plaintiffs must provide names of comparators to state a facially plausible equal protection claim. Rather, plaintiffs must plead similarly situated comparators and, in equal protection class-of-one claims, comparators with extremely high degrees of similarity to the plaintiffs.

The second question, whether the "six groups of comparators plaintiff identified in his complaint . . . suffice as 'similarly situated,' " also fails. As discussed above, there is not substantial ground for difference of opinion that the alleged comparators were not sufficiently similar to meet the extremely high degree of similarity required in class-of-one equal protection claims.

Plaintiff's third question essentially rehashes the conclusory allegations in his due process claim which are routine and do not merit the rare remedy of certification for interlocutory appeal.

The final question, regarding whether the district court must take notice of judicial facts resolved in a fairness hearing, is not one for which there is a substantial ground for difference in opinion as the standard for judicial notice is set in Federal Rules of Evidence Rule 201.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. Plaintiff's official capacity claims for injunctive relief against Defendants Chappius and Keller are reinstated. The Clerk of the Court is respectfully directed to mail a copy of this Opinion to *pro se* Plaintiff and file proof of service on the docket.

Dated: July 30, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

14