

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AMIN DOSHAWN BOOKER,

                              Plaintiff,                          **DECISION AND ORDER**

          -against-                                               16 Civ. 0072 (NSR) (PED)

THOMAS GRIFFIN, Superintendent of
Green Haven Facility, *et al.*,

                              Defendants.
------------------------------------------------------X
**PAUL E. DAVISON, U.S.M.J.:**

## I. INTRODUCTION

On or about September 17, 2018, plaintiff Amin Doshawn Booker filed a *pro se* Second

Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983, alleging violations of his federal

constitutional rights in connection with his incarceration at the Green Haven and Elmira

Correctional Facilities. Dkt. #104. Familiarity with the specific allegations in the *pro se* SAC is

assumed. On September 5, 2019, the case was referred to me for general pretrial supervision.

Dkt. #154. On January 29, 2020, pro bono counsel entered the case on plaintiff's behalf. Dkt.

#177. On February 19, 2020, I issued an Amended Civil Case Discovery Plan and Scheduling

Order ("Discovery Plan") which, *inter alia*, extended the time for completion of fact discovery

to May 22, 2020. Dkt. #181. On August 3, 2020, I approved a subsequent Discovery Plan

which, *inter alia*, extended the time for completion of fact discovery to November 30, 2020.

Dkt. #197.

On September 24, 2020, plaintiff's counsel filed a letter application for leave to file a

Third Amended Complaint ("TAC") to (1) add an Eighth Amendment claim and (2) join

additional defendants (Acting Commissioner of DOCCS Anthony J. Annucci, Acting Executive

Deputy Commissioner of Correctional Facilities James O'Gorman, Deputy Commissioner of Correctional Facilities Joseph Bellnier and certain unidentified John Does), whom plaintiff alleges are liable for the deprivation of his Due Process and Eighth Amendment rights. Dkt. #200.[1] Defendants opposed this application. Dkt. #201. For the reasons that follow, plaintiff's application is **GRANTED IN PART**.[2]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Courts follow "the same standard of liberality afforded to motions to amend under [FRCP] Rule 15" in deciding whether to allow joinder. Robledo v. Number 9 Parfume Leasehold, No. 12 Civ. 3579, 2013 WL 1718917, at *3 (S.D.N.Y. Apr. 9, 2013) (internal quotation marks and citation omitted). Notwithstanding this ordinarily lenient standard, the "denial of leave to amend has long been held proper" for reasons such as "undue delay, bad faith, dilatory motive, and futility." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015). "[I]t is within the sound discretion of the district

---

[1] The proposed TAC also adds factual allegations in support of existing claims. Although defendants have not objected to the bulk of the proposed supplemental factual allegations, they assert several narrow objections which are addressed below.

[2] A Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is not required because the partial denial of plaintiff's motion to amend is not dispositive of any existing claims. See Jean-Laurent v. Wilkerson, 461 F.App'x 18, 25-26 (2d Cir. 2012) (Report and Recommendation required where Magistrate Judge granted plaintiff's motion to file a second amended complaint to the extent it did not contain any state law claims, which amounted to dismissal of plaintiff's existing state law claims that had survived a motion to dismiss); see also, e.g., Erdogan v. Nassau County, No. 10-CV-05837, 2014 WL 1236679, at *1 (E.D.N.Y. Mar. 25, 2014) (Memorandum and Order denying plaintiff's motion to amend the complaint to add two additional defendants); In re Mission Constr. Litig., Nos. 10 Civ. 4262, 10 Civ. 9344, 11 Civ. 1565, 2013 WL 4710377, at *1 (S.D.N.Y. Aug. 30, 2013) (Opinion and Order denying motion to join a defendant and file a second amended complaint).

court to grant or deny leave to amend." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

However, "if the motion [to amend the complaint] is filed after the deadline imposed by the district court in its scheduling order," plaintiff must show "good cause" for its failure to timely amend. <u>Werking v. Andrews</u>, 526 F. App'x 94, 96 (2d Cir. 2013) (citing FRCP 16(b)(4)). "Whether good cause exists turns on the diligence of the moving party." <u>Holmes v. Grubman</u>, 568 F.3d 329, 335 (2d Cir. 2009) (quotation marks and citation omitted). Thus, in order to demonstrate good cause, plaintiff must demonstrate that, "despite his having exercised diligence, the applicable deadline could not have been reasonably met." <u>Saloman v. Adderley Indus., Inc.</u>, 960 F. Supp.2d 502, 507 (S.D.N.Y. 2013). "Conversely, a movant fails to satisfy this burden when the proposed amendment is based on information the party knew or should have known in advance of the applicable deadline." <u>Id.</u> If plaintiff demonstrates good cause under FRCP 16, the Rule 15 standard applies to determine whether leave to amend should be granted. <u>Beckett v. Incorporated Village of Freeport</u>, No. 11-CV-2163, 2014 WL 1330557, at *5 (E.D.N.Y. Mar. 31, 2014).

### III. DISCUSSION

A. <u>FRCP 16(b)(4)</u>

The operative Discovery Plan does not address the time frame for joinder of additional parties or amendment of pleadings. Dkt. #197. The previous Discovery Plan (and the first one issued after pro bono counsel appeared) states that the deadlines for joinder and amendment of pleadings are "to be determined by the Court." Dkt. #181. Accordingly, plaintiff's application is timely under the operative Discovery Plan.

B. FRCP 15(a)(2)

Defendants argue, at the outset, that plaintiff is precluded from amending his complaint because Judge Román has already twice denied plaintiff's application to file a third amended complaint. See Dkt. #137 (June 7, 2019), #151 (August 1, 2019). However, plaintiff was proceeding *pro se* at the time of those rulings. Pro bono counsel entered the case on plaintiff's behalf at the end of January 2020, followed by the entry of an amended Discovery Plan and commencement of fact discovery. Plaintiff argues, and I agree: "Justice requires revisiting the Court's determination in view of those developments."

Second, defendants object to the proposed TAC to the extent it alleges First Amendment retaliation claims against defendants Chappius and Keller. As defendants correctly note, Judge Román dismissed those claims on June 7, 2019. Dkt. #137, at 13. Accordingly, the First Amendment retaliation claims against Chappius and Keller must be stricken from the proposed TAC.

Third, defendants assert a rather vague objection to plaintiff's proposed Eighth Amendment claim. In his proposed Ninth Cause of Action, plaintiff alleges that defendants subjected him to solitary confinement for five years, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. #200-2, at 35-36. Plaintiff asserts: (1) the SAC alleges that defendants violated his due process rights by subjecting him to unjustifiable, indefinite, punitive solitary confinement; and (2) that the SAC delineates the harm plaintiff suffered as a result. Defendants argue that the proposed claim "belies the facts in this case and a simple reading of the SAC." Dkt. #201, at 2. I disagree. As plaintiff points out, the proposed Eighth Amendment claim merely asserts an alternative legal theory as a basis to seek compensation for injuries allegedly stemming from his prolonged solitary confinement.

Fourth, defendants argue that joinder would be futile because plaintiff proffers no supporting factual basis. Dkt. #201, at 2-3. Plaintiff seeks joinder of defendants Annucci, O'Gorman, Bellnier and "certain unidentified John Does" on the ground that "[d]iscovery has revealed that these Additional Defendants are liable for the Due Process and Eighth Amendment harms that Mr. Booker alleges in the SAC and TAC." Dkt. #200, at 1. In support of his argument, plaintiff proffers specific transcript pages from the depositions of defendants Chappius and Keller which, plaintiff maintains, reveal that each of the defendants he seeks to join were "involved in or made final determinations in Mr. Booker's 60-day administrative segregation ('Ad Seg') reviews, causing Mr. Booker to be continuously detained in solitary confinement since October 2015." Id. Contrary to plaintiff's assertion, the proffered deposition testimony arguably establishes only that the "Deputy Commissioner" was involved in plaintiff's Ad Seg reviews. See Dkt. #200-3, #200-4. Thus, while plaintiff proffers a basis for joinder of Deputy Commissioner Bellnier, he fails to proffer any factual basis for joinder of Annucci, O'Gorman or "certain unidentified John Does." Accordingly, plaintiff's application for leave to join Annucci, O'Gorman and "certain unidentified John Does" is denied.

Fifth, defendants argue that plaintiff unduly delayed in seeking amendment. Dkt. #210, at 3. "In the Second Circuit, while a plaintiff must provide an explanation for a delay where significant time has passed prior to filing a motion to amend, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Atakhanova v. Home Family Care, Inc., No. 16 Civ. 6707, 2019 WL 2435856, at *3 (E.D.N.Y. Feb. 19, 2019) (quotation marks, citations and alterations omitted). See Pearlstein v. BlackBerry Ltd., No. 13 Civ. 7060, 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) ("Alleging that the plaintiff *could have* moved to amend earlier because he had knowledge of

facts underlying the proposed amendment is insufficient to demonstrate undue delay.");

Agerbrink v. Model Service LLC, 155 F. Supp.3d 448, 452 (S.D.N.Y. 2016) ("Simply alleging

that the plaintiff could have moved to amend earlier than she did, however, is insufficient to

demonstrate undue delay."). Here, as plaintiff's counsel points out, discovery in this case "did

not proceed in earnest until earlier this year, after Mr Booker engaged our firm and [d]efendants

dropped various objections to discovery based on Mr. Booker's pro se status." Dkt. #200, at 2.

Further, plaintiff's counsel asserts that the factual basis for the proposed joinder came to light

during this discovery period. Id. Moreover, plaintiff's counsel asserts that the ongoing

pandemic has adversely impacted their ability to communicate with plaintiff regarding case

strategy. Under the totality of the circumstances, plaintiff's counsel has articulated a plausible

explanation for the timing of the instant application.

Finally, defendants also assert that they will be prejudiced if plaintiff is allowed to file

the TAC. "Although prejudice to the opposing party has been described as the most important

reason for denying a motion to amend, only undue prejudice warrants denial of leave to amend."

Agerbrink, 155 F. Supp.3d at 454 (quotation marks, citations and alterations omitted). "To

determine prejudice, courts consider whether amendment would (I) require the opponent to

expend significant additional resources to conduct discovery and prepare for trial; (ii)

significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction." DeJesus v. Subway IP Inc., No. 16 Civ. 6773, 2018 WL

3442888, at *2 (S.D.N.Y. July 17, 2018) (quotation marks and citations omitted). "Courts also

consider the particular procedural posture of the case." Agerbrink, 155 F. Supp.3d at 454. "The

non-moving party bears the burden of demonstrating that substantial prejudice would result were

the proposed amendment to be granted." Id. (quotation marks and citation omitted). Here,

defendants claim they will be prejudiced if plaintiff's application is granted because "it is unclear how discovery can be completed in the same time frame as previously set by the Court." Dkt. #201, at 3. In other words, defendants assert that the amendment would necessitate additional discovery and resources. "This alleged prejudice, on its own, does not justify denying leave to amend." DeJesus, 2018 WL 3442888, at *3. In any event, plaintiff avers that the proposed amendment would necessitate limited additional fact discovery which could be completed within the existing deadline (by November 30, 2020). Dkt. #200, at 3-4. At bottom, "although the amendment may warrant additional discovery, it should not significantly prolong the resolution of the action." Agerbrink, 155 F. Supp.3d at 455. Accordingly, defendants have not demonstrated that they will be unduly prejudiced by the proposed amendment.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's application for leave to file a Third Amended Complaint is:  (1) **GRANTED IN PART** to the extent plaintiff may (a) join Joseph Bellnier as a defendant and (b) add the proposed Eighth Amendment claim; and (2) **DENIED IN PART** to the extent that plaintiff (a) must strike the First Amendment retaliation claims against defendants Chappius and Keller from the proposed Third Amended Complaint and (b) may NOT join Anthony J. Annucci, James O'Gorman and John Does as defendants.

Plaintiff shall file a Third Amended Complaint, consistent with the above findings, within seven days of the date of this Decision and Order.

Dated: November 6 , 2020          **SO ORDERED.**
       White Plains, New York

PAUL E. DAVISON, U.S.M.J.

-7-