UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AMIN BOOKER,                                      :

                Plaintiff,           :

      -against-                                 :

THOMAS GRIFFIN, Superintendent
Green Haven Facility; EDWARD            :
DEMO, DOCCS Investigator; PAUL
CHAPPIUS JR., Superintendent of         :
Elmira Facility; GREGORY
KELLER, Captain of Elmira;                 :
JOSEPH BELLNIER, Deputy
Commissioner of Correctional             :
Facilities, in his individual and
official capacity,                                 :

           Defendants.          :
-------------------------------------------------------X

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 2/11/2026 _____ |

**STIPULATION OF
SETTLEMENT, GENERAL
RELEASE, AND
ORDER OF DISMISSAL**

16 Civ. 00072(NSR)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff, Amin Booker, ("Plaintiff") and Defendants Thomas Griffin, Edward Demo, Paul Chappius, Jr., Gregory Keller, and Joseph Bellnier ("Defendants") as of January 2026:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about January 4, 2016, (Dkt. # 2), alleging claims against Defendants, along with former Defendants Superintendent Michael Kirkpatrick, Sgt. Jefferey Isaacs, Lt. Jeff Scranton, Correction Officer ("CO") Kenneth Sears, Karen Bellamy, and Donald Venettozzi, pursuant to 42 U.S.C. § 1983; and

WHEREAS, all Defendants filed a motion to dismiss Plaintiff's Complaint on or about January 6, 2017 (Dkt. # 46); and

WHEREAS, Plaintiff opposed Defendants' motion to dismiss and cross-moved for summary judgment on or about January 6, 2017 (Dkt. # 52); and

WHEREAS, the Court issued an Opinion & Order on March 31, 2018, denying Plaintiff's motion for summary judgment, and granting in part, and denying in part, Defendants' motion to dismiss, and granting Plaintiff the opportunity to amend his Complaint (Dkt. # 80); and

WHEREAS, on or about May 7, 2018, Plaintiff filed an Amended Complaint naming as Defendants Karen Bellamy, Paul Chappius, Edward Demo, Thomas Griffin, John Doe #1, Gregory Keller, Michael Kirkpatrick, and Donald Venettozzi (Dkt. # 83); and

WHEREAS, on or about September 17, 2018, Plaintiff filed a Second Amended Complaint naming as Defendants Karen Bellamy, Paul Chappius, Edward Demo, Thomas Griffin, John Doe #1, Gregory Keller, Michael Kirkpatrick, and Donald Venettozzi (Dkt. # 104); and

WHEREAS, on or about December 20, 2018, Defendants filed a partial motion to dismiss all claims against them except for Plaintiff's due process claim against Defendants Keller and Chappius, and Plaintiff's First Amendment Retaliation claim against Defendants Griffin and Demo (Dkt. # 119); and

WHEREAS, on or about June 7, 2019, the Court issued an Opinion & Order granting Defendants' partial motion to dismiss the Second Amended Complaint (Dkt. # 137); and

WHEREAS, on or about November 17, 2020, Plaintiff filed a Third Amended Complaint, adding Defendant Joseph Bellnier, adding an Eighth Amendment conditions of confinement claim, and removing the First Amendment retaliation claim against Defendants Chappius and Keller (Dkt. #s 205 and 209); and

WHEREAS, on or about August 9, 2023, all Defendants filed a motion for summary judgment, and Plaintiff cross-moved for partial summary judgment (Dkt. #s 279 and 289); and

WHEREAS, on or about February 23, 2024, the Court issued an Opinion & Order granting in part, and denying in part, Defendants' motion for summary judgment, and granting in part, and denying in part, Plaintiff's motion for partial summary judgment (Dkt. # 304), holding Plaintiff was denied due process in connection with the Administrative Segregation ("Ad. Seg.") hearing in violation of his Fourteenth Amendment rights; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings, constitute the "Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them in the Action without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, Plaintiff was represented in the Action by Justine Goeke, Marc Aaron Takagaki, and Teddy Kristek of Gibson, Dunn & Crutcher LLP ("Plaintiff's Counsel"), and Plaintiff's Counsel negotiated this agreement on behalf of Plaintiff and have waived receipt of attorneys' fees in connection with the Action;

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

WHEREAS the undersigned counsel for Defendants are informed that, while any request by Plaintiff for a disbursement of the settlement funds over $100 will require further verification, the Budget & Finance Office ("B&F") has confirmed to counsel that a single check can be written

3

for the entirety of the settlement funds, and has further represented that B&F can work with the facility where Plaintiff is housed to ensure the funds are sent to a recipient designated by Plaintiff;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

Plaintiff also agrees to execute separate documents discontinuing the following additional actions (the "Additional Actions") with prejudice, which documents the Office of the Attorney General ("OAG") will file once executed by the Plaintiff:

(i)    *Booker v. State*, No. 139034 (N.Y. Ct. Cl.);

(ii)   *Booker v. Chappius*, No. 17-CV-320, (W.D.N.Y.);

(iii)  *Booker v. McMindes*, No. 2024-1125 (Sup. Ct. Chemung Cnty.); and

(iv)   *Booker v. McMindes*, No. 2024-1100 (Sup. Ct. Chemung Cnty.).

2.    **Payment to Plaintiff.** For and in consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action and the execution of separate documents dismissing the Additional Actions with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 6, 7, and 8, the New York State Department of Corrections and Community Supervision ("DOCCS"), on behalf of

Defendants, shall pay the total sum of Six Hundred Thousand Dollars ($600,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

The State of New York, on behalf of Defendants, shall pay the gross sum of Five Hundred Seventy-Three Thousand, Six Hundred and Sixty-Seven Dollars and Twenty-One Cents ($573,667.21), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages). The foregoing payment shall be drawn to the order of Amin Booker and forwarded to Amin Booker at the correctional facility in which he is then housed for deposit in his inmate facility/departmental account. As an express condition precedent of the State of New York's, on behalf of the Defendants, obligation to make the payment set forth in this Paragraph 2, Plaintiff shall execute a Stipulation or Notice of Discontinuance with Prejudice, provided by Defendants prior to the final execution of this agreement, in the form of attached Exhibits 1 through 5 to cause all claims asserted by Plaintiff in the Additional Actions to be dismissed with prejudice, and without payment of attorney's fees or costs, in excess of the amounts specified in this Paragraph 2 of this Settlement Agreement. It is further understood that the papers referenced in this Paragraph, including the orders of dismissal, constitute "Other Documentation" under the terms of Paragraph 3 of this Agreement.

The State of New York, on behalf of the Defendants, shall pay to Plaintiff's Counsel, Gibson, Dunn & Crutcher LLP, the sum of Twenty-Six Thousand, Three Hundred and Thirty-Two Dollars and Seventy-Nine Cents ($26,332.79), for which an I.R.S. Form 1099 shall be issued, for costs, disbursements, and expenses incurred by Plaintiff's Counsel in the Action. The foregoing

5

payment shall be made by check payable to Gibson, Dunn & Crutcher LLP to Plaintiff's attorneys at the following address:

> Gibson, Dunn & Crutcher LLP
> Attn: Treasury Department
> 333 South Grand Ave.
> Los Angeles, CA 90071

3.    **State Approval of Payments.** Payment of the amount specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. The State of New York, on behalf of the Defendants, will prepare and deliver to Plaintiff and Plaintiff's Counsel all necessary documents required for obtaining such approval and effectuating payment, which includes a State of New York Standard Voucher (Form AC92) and New York State Substitute Form W-9 (Form AC 3237-S) ("Other Documentation") within 30 days after receipt by OAG of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraph 7 of this Settlement Agreement. Plaintiff and Plaintiff's Counsel agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 7 of this Settlement Agreement.

4.    **Accrual of Interest.** In the event that payment of the amount specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by OAG of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the

one hundred twenty-first (121st) day after receipt by the OAG of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement. The parties agree that subsection 12-g of Section 8 of the New York State Finance Law, which provides that "[n]otwithstanding any other provision of the court of claims act or any other law to the contrary, thirty days before the comptroller issues a check for payment to an incarcerated individual serving a sentence of imprisonment with the department of corrections and community supervision or to a prisoner confined at a local correctional facility for any reason, including a payment made in satisfaction of any damage award in connection with any lawsuit brought by or on behalf of such incarcerated individual or prisoner against the state or any of its employees in federal court or any other court, the comptroller shall give written notice, if required pursuant to subdivision two of section six hundred thirty-two-a of the executive law, to the office of victim services that such payment shall be made thirty days after the date of such notice," is applicable to the payment specified in paragraph 2 above.

5.    **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will indemnify and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns,

7

whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.    **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will indemnify and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7.    **Medicare Certification.** Plaintiff represents and warrants that he is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a Medicare recipient within the next

thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit 6 ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 2, 3 and 7 of this Settlement Agreement.

8.      **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to indemnify and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action or the Additional Actions. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.      **General Release.** For and in consideration of the payment of the settlement amount referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth

in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants, DOCCS, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees, from the beginning of the world to the date of this Settlement Agreement, except for claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees, related to or arising out of conduct by any personnel in the Shawangunk Correctional Facility, related to the conduct allegedly related to Plaintiff's Freedom of Information Law ("FOIL") Log No. SHG0109-25, and Grievances SHG-0390-25 and SHG-0365-25.

This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and

all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10. **No Other Action or Proceeding.** Other than the Action and the Additional Actions, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

11. **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action

pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12.    **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.    **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15.    **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.    **Voluntary Agreement.** Plaintiff represents that he has carefully read and fully understands all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that he has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this

Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22.    **Severability.** With the exception of Paragraphs 1, 2, 3, 8 and 9 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24.    **Counterparts.** This Settlement Agreement may be executed in several

14

counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

25.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: ___January 2___, 2025

_____
AMIN BOOKER

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Orange_       )

On the _2_ day of _January_, 2026 before me personally came and appeared _Amin Booker_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

SHEILA L EULL
Notary Public - State of New York
No. 01EU6421926
Qualified in Orange County
My Commission Expires 09/13/2029

Dated: ___January 20___, 2025
New York, New York

GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Plaintiff*
By: _____

_____
Justine Goeke
Marc Aaron Takagaki
Teddy Kristek
200 Park Ave
New York, New York 10166
(212) 351-4000
JGoeke@gibsondunn.com
MTakagaki@gibsondunn.com
TKristek@gibsondunn.com

16

Dated: _____1/29_____, 2025       LETITIA JAMES
         2026       Attorney General
     New York, New York       State of New York
                          *Attorney for Defendants*

                          By:

                          Neil Shevlin
                          Assistant Attorney General
                          28 Liberty Street
                          New York, New York 10005
                          (212) 416-8561
                          Neil.Shevlin@ag.ny.gov

Dated: February 11, 2026 , 2025       SO ORDERED:
     White Plains, New York

                          Honorable Nelson S. Román
                          United States District Judge

17